

# Missouri Court of Appeals
## Western District

DANIEL STARCHER, )
                    )   **WD85952 consolidated with**
          Appellant, )   **WD85953, WD85954,**
                    )   **WD85955, and WD85956**
v. )
                    )   **OPINION FILED:**
DIVISION OF EMPLOYMENT )
SECURITY, )   **July 25, 2023**
                    )
          Respondent. )
                    )

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Two: W. Douglas Thomson, Presiding Judge,
Cynthia L. Martin, Judge, and Thomas N. Chapman, Judge**

Daniel Starcher appeals decisions of the Labor and Industrial Relations Commission ("Commission") affirming the orders of the Appeals Tribunal dismissing his appeals of overpayment determinations as untimely. Because Starcher fails to comply with the rules of appellate briefing in any meaningful manner, this appeal is dismissed.

**Factual and Procedural Background**

The Division of Employment Security ("Division") determined that Starcher was overpaid unemployment benefits in 2020 and 2021 and issued five overpayment determinations. It first found that he was overpaid $5,400 and $1,800 over several weeks from June 27, 2020, through February 20, 2021. The overpayments were due to unintentional error or omission, specifically because he was overpaid on weeks that he also received Federal Pandemic Unemployment Compensation or Lost Wages Assistance benefits. The Division also found that Starcher was overpaid $4,920 for the weeks of June 27, 2020, through November 14, 2020, $3,198 for weeks of November 21, 2020, through February 13, 2021, and $246 for the week of February 20, 2021. It determined that the overpayments were due to unintentional error or omission because he was paid during a period of disqualification. The Division mailed all five determinations to Starcher on May 18, 2022.

Starcher appealed the determinations on June 23, 2022. On September 7, 2022, the Appeals Tribunal dismissed Starcher's appeals finding that they were not filed within the 30-day statutory time limit. On October 4, 2022, Starcher faxed the Division asking it to reconsider its decision, stating, "I was late sending these because I had a torn ACL. I was unable to drive or do much of anything. I was

only able to make it to the library when I did. I also ha[d] to move June 1st and am the sole provider for my [f]amily." On November 29, 2022, the Commission affirmed the orders of the Appeals Tribunal dismissing Starcher's appeals because he did not file them within 30 days of the determinations. It also found that his allegations, if true, would not support a finding that good cause existed to extend the time for filing the appeals. These appeals by Starcher followed.

**Failure to Comply with Rule 84.04**

Rule 84.04 plainly sets out the requirements for the contents of an appellant's brief. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). Compliance with Rule 84.04 is mandatory to give notice to the other party of the precise matters at issue and to ensure that appellate courts do not become advocates for the appellant by speculating about facts and arguments that have not been made. *Murphy v. Steiner*, 658 S.W.3d 588, 591-92 (Mo. App. W.D. 2022). *Pro se* appellants such as Starcher are held to the same standards as attorneys regarding the mandatory appellate briefing rules, and are not granted preferential treatment regarding compliance with those rules. *Thompson v. Special Sch. Dist. of St. Louis Co.*, 663 S.W.3d 493, 497-98 (Mo. App. E.D. 2023); *Murphy*, 658 S.W.3d at 592. "This is not from a lack of sympathy, but rather is necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all

3

parties." *Thompson*, 663 S.W.3d at 498. An appellant's failure to substantially comply with Rule 84.04 preserves nothing for review and is grounds for dismissing an appeal. *Ferguson v. Div. of Emp. Sec.*, 654 S.W.3d 434, 438 (Mo. App. W.D. 2022); *Thompson*, 663 S.W.3d at 498.

The points relied on and argument sections of an appellant's brief are essential to review of a case. *Ferguson*, 654 S.W.3d at 438. Starcher's points relied and arguments are exceedingly deficient. "Central to the formation of a brief are an appellant's points relied on." *Lexow*, 643 S.W.3d at 505. The function of a point relied on is to give notice to the opposing party of the precise matters with which it must contend and to inform the court of the issues presented for review. *Id.* "A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Id.* A point that does not state the wherein and why the administrative agency erred does not comply with Rule 84.04(d) and preserves nothing for review. *Id.*

Rule 84.04(d)(2) requires that each point relied on shall:

(A) [i]dentify the administrative ruling or action the appellant challenges;

4

(B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and

(C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The rule provides a form to follow to ensure compliance with the rule. *Lexow*, 643 S.W.3d at 505.

> The point shall be in substantially the following form: "The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*]."

Rule 84.04(d)(2).

Rule 84.04(e) governs the argument section of the brief. It requires the argument to substantially follow the order of the points relied on. Rule 84.04(e). "The argument should develop the claim of error by showing the interaction between the relevant principles of law and the facts of the particular case." *Murphy*, 658 S.W.3d at 592 (internal quotes and citation omitted). An appellant must cite appropriate available precedent or, if no authority is available, explain the reasons for the absence of citations if he expects to prevail. *Thompson*, 663 S.W.3d at 500. "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Murphy*, 658 S.W.3d at 592 (internal quotes and citation omitted). "For each claim of error, the argument

shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Rule 84.04(e).

Starcher presents two points relied on. The points and entirety of his argument under each point are as follows:

> **The DES erred that my application for waiver of recovery of over payments should be denied because they say I provided inaccurate details, in that none of the details I provided were inaccurate.**

> The DES did not preserve this error for my review. I was not provided a copy of the legal file I had to get the legal file from the Missouri Court of Appeals.

> The DES came to this conclusion based on incorrect detail. I did not provide inaccurate information.

> **The LIRC erred that my reasoning for turning in my appeal is not well enough to get relief because I turned my appeal in late. In that I was unable to do anything such as get stamps or go to the library to send a fax.**

> My reason for not having my appeal turned in on time is strong enough to allow me to get the relief I'm entitled to.

Starcher's points relied on and arguments do not comply with Rule 84.04. His points fail to follow the template in Rule 84.04(d)(2). While they identify the challenged actions, they do not state the legal reasons for the claims of reversible error or explain why those legal reasons support the claims of reversible error.

6

Additionally, Starcher fails to include a standard of review and fails to cite any legal authority in his arguments. He does not develop his claims of error by showing an interaction between relevant principles of law and the facts of the case. *Murphy*, 658 S.W.3d at 592. "When an appellant fails to cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned." *Id.* at 593 (internal quotes and citation omitted).

Appellate courts have discretion to review noncompliant briefs gratuitously, overlooking technical deficiencies, when the deficiencies do not impede review on the merits. *Lexow*, 643 S.W.3d at 508. Where a brief, as here, is so defective as to require this court to speculate about the appellant's argument and precedential support for it, we cannot reach the merits without becoming the appellant's advocate. *Ferguson*, 654 S.W.3d at 438. We emphasize that this court struck Starcher's original appellant's brief for noncompliance with Rule 84.04, specified reasons for the strike, and allowed him to file an amended brief. Starcher, however, failed to adequately rectify the shortcomings identified, and we cannot act as an advocate for him to overcome these problems. *Lexow*, 643 S.W.3d at 509; *Murphy*, 658 S.W.3d at 594.

## Conclusion

Starcher's brief so substantially fails to comply with the requirements of Rule 84.04 that it preserves nothing for review. *Lexow*, 643 S.W.3d at 509-10; *Murphy*, 658 S.W.3d at 594. The appeal is dismissed.

_____
Thomas N. Chapman, Judge

All concur.